UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION AT COVINGTON

| | |
|---|---|
| RICH SCANLON, | )<br>) |
| Plaintiff, | ) Civil Action No. 2:14-CV-005-WOB<br>) |
| V. | )<br>) **MEMORANDUM OPINION** |
| COMMONWEALTH OF KENTUCKY<br>CHILD SUPPORT DIVISION, | ) **AND ORDER**<br>)<br>) |
| Defendant. | |

\*\*\*\* \*\*\*\* \*\*\*\* \*\*\*\*

Rich Scanlon ("Scanlon") is an inmate confined in the Kenton County Detention Center in Covington, Kentucky. Proceeding *pro se*, Scanlon filed a civil rights complaint, pursuant to 42 U.S.C. § 1983, against the Commonwealth of Kentucky Child Support Division concerning his incarceration for failing to make child support payments to the Commonwealth of Kentucky's Child Support Division on behalf of a minor child. [R. 3]

Because Scanlon has been granted *in forma pauperis* status and because he has named a governmental entity as the defendant, the Court must conduct a preliminary review of Scanlon's complaint. 28 U.S.C. §§ 1915(e)(2), 1915A. A district court must dismiss any claim that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *McGore v. Wrigglesworth*, 114 F.3d 601, 607-08 (6th Cir. 1997). The Court evaluates Scanlon's complaint under a more lenient standard because he is not represented by an attorney. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Burton v. Jones*, 321 F.3d 569, 573 (6th Cir. 2003). At this stage, the Court accepts Scanlon's factual allegations as true, and his legal claims are liberally construed in his favor. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007). Having reviewed the complaint,

the Court must dismiss it, pursuant to Fed. R. Civ. P. 12(h)(3), for lack of subject-matter jurisdiction.

## THE COMPLAINT

Based on the statements made in his compliant, it appears that Scanlon's incarceration concerns his child support obligations covering the period of time from 1998 to 2013. Scanlon states:

> Over the past 3 years I feel somewhat harresed, [sic] as I pay in with work, trust and yearly tax's. [sic] I feel I have overpaid as they have based this off of the trust.
>
> I am in the Kenton County Jail for a 3-year sentence which feel as if I am in a debtor's prison.

Complaint [R. 3, p. 3]

Scanlon makes reference to 532.350 (presumably Kentucky Revised Statute 532.350) and states that he is unsure "if I fall into this 100%." [R. 3, p. 4] He appears to claim that the Child Support Division is using "jail as a debtor's prison." *Id.* For relief, Scanlon requests the following:

> Any lost time and expenses from this. Would like the last six years of payments looked at. Also feel a Commission Panel should be formed to look at laws and procedures. And feel [sic] a non-biased advocate office for help.

R. 3, p. 5.

## DISCUSSION

The Kentucky Department of Corrections' website reflects that on December 2, 2013, Scanlon was convicted in Kenton Circuit Court of Flagrant Non-Support, in violation of KRS 530.050, a Class D felony, and that he received a five-year prison sentence. *Commonwealth of Kentucky v. Richard Scanlon*, Kenton Circuit Court Criminal Case No. 09-CR-392. *See*

http://apps.corrections.ky.gov/KOOL/ioffres.asp?Inm=560566&Action=Detail &Pagenum=1 (last visited on May 22, 2014). Thus, the present action appears to be related to Scanlon's criminal conviction in Kenton Circuit Court for flagrant non-support.

It appears that Scanlon questions the propriety of the amount of his court-ordered child support payments, and he has requested an accounting of his child support payments for the past six years. It is unclear whether Scanlon appealed his conviction for flagrant non-support or otherwise sought relief from the Kenton Circuit Court regarding his child support obligations.

Other than the United States Supreme Court, federal courts are without jurisdiction to adjudicate claims which seek review of a state decision on the ground that the decision violated the federal constitutional rights of one of the parties. *See District of Columbia Court of Appeals v. Feldman,* 460 U.S. 462, 482–86 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923); *see also Briscoe v. Jackson*, 285 F. App'x 205, 207 (6th Cir.2008); *Scotti v. Brennan,* No. 09-11953, 2009 WL 1689892, at *2 (E.D. Mich. June 16, 2009) ("United States District Courts do not have jurisdiction over challenges to state court decisions even if those challenges allege that the state court's action was unconstitutional.")

Furthermore, domestic relations law is governed by state law and state institutions. Principles of federalism preclude federal court challenges to state court orders in child custody and child support matters. *See, e.g., Jones v. Child Support Division*, No. 3:09-cv-89-H, 2009 WL 2240389 (W.D. Ky. July 24, 2009); *Hisquierdo v. Hisquierdo,* 439 U.S. 572, 581 (1979); *Roman–Nose v. N.M. Dep't of Human Servs.,* 967 F.2d 435, 437 (10th Cir.1992) (federal action alleging constitutional infirmity in state parental-rights proceeding could not be maintained under § 1983). If Scanlon is dissatisfied with the ruling of a state court concerning his child

support payments or obligations, he must either appeal those rulings in a timely manner or request that the court modify its ruling. Thus, Scanlon's challenge to the state's child-support order must be dismissed for lack of subject-matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action .").

Accordingly, **IT IS ORDERED** that Scanlon's complaint is **DISMISSED**, *sua sponte*, for lack of subject-matter jurisdiction and that Judgment shall be entered contemporaneously with this Memorandum Opinion and Order in favor of the named Defendant.

This 27th day of May, 2014.

Signed By:
*William O. Bertelsman* WOB
United States District Judge